| STACIE LEIGH NORRIS, | ) | |
|---|---|---|
| | ) | **Rutherford Juvenile Court** |
| Plaintiff/Appellant, | ) | No. 17599 |
| | ) | |
| VS. | ) | **Appeal No.** |
| | ) | **01A01-9706-JV-00242** |
| JEFF WINDROW, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

**FILED**

**April 24, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

APPEAL FROM THE JUVENILE COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

**HONORABLE LARRY BRANDON, JUDGE**

Clark Lee Shaw
2525 Lebanon Road
Nashville, Tennessee 37214
ATTORNEY FOR PLAINTIFF/APPELLANT

R. Steven Waldron
202 West Main Street
Murfreesboro, Tennessee 37130
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE
WALTER W. BUSSART, JUDGE

| STACIE LEIGH NORRIS, | ) | |
| --- | --- | --- |
| | ) | **Rutherford Juvenile Court** |
| Plaintiff/Appellant, | ) | No. 17599 |
| | ) | |
| VS. | ) | **Appeal No.** |
| | ) | **01A01-9706-JV-00242** |
| JEFF WINDROW, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

# **O P I N I O N**

This appeal is from an order of the Juvenile Court committing custody of a child born out of wedlock to the natural father of the child.

The child, Chaz Ryan Windrow was born on May 29, 1991. On November 6, 1991, the Juvenile Court entered an agreed order of paternity requiring payment of support by the father, but custody was not mentioned in the order. The mother continued to have custody and the father was allowed visitation.

On January 31, 1993, the father petitioned for custody. On March 8, 1995, the mother counterclaimed for leave to remove to Michigan with her husband, for increase in child support and modification of visitation.

On April 25, 1995, the father's petition for custody was denied but mother was required to give 30 days advance notice of any move to Michigan.

On November 27, 1996, custody was changed to the father. On December 16, 1996, the mother filed notice of appeal. The appeal was dismissed because the question of child support was pending in the Trial Court. On February 11, 1997, an agreed order was entered relieving the mother of child support. On March 10, 1997, a second notice of appeal was filed from the November 27, 1997, order of custody as finalized by the agreed order of February 11, 1997.

The mother presents the following issues for review:

>    1.    Whether the Trial Court considered facts that were *res judicata* and previously conclusive from a previous application to change custody without new facts occurring, which altered the circumstances in a material way to make the welfare of the child require a change in custody and, thus, committed reversible error in awarding custody to the Appellee.
>
>    2.    Whether there was a material change in circumstances, exposing the child to a substantial risk, justifying the change in custody to the Father/Appellee, Jeff Windrow.
>
>    3.    Whether the preponderance of the evidence supports the Trial Court's decision to change custody of the parties minor child to the Father/Appellee, Jeff Windrow.

The record contains a verbatim transcript of proceedings on April 20, 1995, and March 13, 1996, but no transcript of proceedings on other dates. On November 6, 1996, the Juvenile Judge recused himself, and a special judge presided and ruled upon all matters thereafter. In support of his judgment entered on November 27, 1996, the Special Judge filed a memorandum which includes the following:

>    This Court has reviewed the original Transcript of Court Proceeding filed with the court of the proceeding of April 20, 1995, listened to the proof adduced by both parties at the hearing held in this cause on March 13, 1996, considered the oral and written arguments of counsel for the parties and based upon the foregoing, the court finds as follows:
>
>    1.    The Respondent, Stacie Leigh Carpenter is not a credible witness. The Court finds it impossible to believe any statement made by Mrs. Carpenter.
>
>    - - - -
>
>    It appears to the Court that she was intentionally untruthful and as a result the Court chooses to rely heavily upon the testimony of the proof adduced through other witnesses of both parties adduced at trial.
>
>    - - - -
>
>    3.    The Petition to Modify and Change Custody indicates that Mrs. Carpenter has resided at six (6) different addresses during the past four (4) years and there being no answer or denial of the same in the record, the Court considers said statement to be admitted in this case.
>
>    4.    It appears to the Court that Mrs. Carpenter and her children are residing in what is apparently an abusive

-3-

relationship with her current spouse, Buck Carpenter. The record reflects that this abuse existed as early as June 1, 1994.

- - - -

There is evidence that Mrs. Carpenter is under the care of a physician for her emotional difficulties and that she takes Prozac and Xanax for her problems. There is some evidence that the children of the parties have witnessed the abuse conduct between the Carpenters and it is significant to the Court that the abuse has escalated to the point where Mrs. Carpenter has indicated to her relatives that it would be best for her, an adult, to withdraw. The Court considers this escalated abuse to be a significant and material change in the home environment warranting an alteration of custody in this case.

- - - -

8. There are numerous other facts in the record which reflect poorly upon Mrs,. Carpenter's fitness to provide what is in the best interest of her son, Chaz. Many of these were present on April 20, 1995; however, the Court on that occasion saw fit to allow Mrs. Carpenter an opportunity to improve upon her marriage, her financial affairs, and her personal affairs. It appears to the Court at this time that she has not taken advantage of that opportunity and that all of these matters have materially and substantially changed since April 20, 1995 for the worse. Mrs. Carpenter has exacerbated the issue by displaying her unwillingness to tell the truth in this matter as well as her unwillingness to abide by orders of the Court with regard to custody and visitation.

9. It appears to the Court that the Petitioner, Jeff Windrow, is a fit and proper person to have custody of the parties minor child, Chaz Ryan Windrow; that Mr. Windrow is a caring father; that Mr. Windrow has gone to tremendous expense of monies and time to exercist visitation and share in the upbringing of his son; that Mr. Windrow is interested in the physical, emotional, mental, education and spiritual well being of his son. It further appears that Mr. Windrow will cooperate with Mrs. Carpenter to allow her to share in the upbringing of this child.

### Conclusion

It is the considered opinion of the Court that Chaz Ryan Windrow, born May 29, 1991, is entering a period where he will need stability. Due to the material and substantial changes that have occurred in the home environment of the Respondent, Stacie Carpenter, it is the decision of this Court that custody should be changed from her to the Petitioner, Jeff Windrow.

A judgment was entered in accordance with this memorandum.

**First Issue**

**Lack of Evidence of Changed Circumstances**

The Special Judge adequately informed himself of previous circumstances, and he heard evidence which is not preserved in this record but which is summarized in the memorandum, which latter evidence adequately supports the change in custody.

**Second Issue**

**Risk to Child**

The evidence cited in the memorandum adequately supports the finding that the welfare of the child is being prejudiced by continued custody of the mother.

**Third Issue**

**Preponderance of Evidence**

The evidence preponderates in favor of the decision of the Special Judge.

The judgment of the Juvenile Court is affirmed. Costs of this appeal are taxed against the mother and her surety. The cause is remanded to the Juvenile Court for further necessary proceedings.

## AFFIRMED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WALTER W. BUSSART, JUDGE